# In the United States Court of Federal Claims

No. 20-359C
(Filed December 6, 2023)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * *
                               *
BRENDA BRASWELL, et al.,       *
                               *
                 Plaintiffs,   *
                               *
        v.                     *
                               *
THE UNITED STATES,             *
                               *
                 Defendant.    *
                               *
* * * * * * * * * * * * * * * *
```

## ORDER

This class action lawsuit was brought by employees of various government agencies, alleging entitlement to hazardous duty pay and environmental differential pay due to workplace exposure to COVID-19. *See* 2d Am. Compl., ECF No. 27-1, ¶¶ 1–3. Approximately 60,000 plaintiffs have opted into the case, all of whom were required to work in-person during the months after January 27, 2020, at the height of the COVID-19 pandemic. *See id.*, ¶¶ 2, 62, 125; *see also* Pl.'s Mot. to Extend Stay, ECF No. 67, at 1. On August 20, 2021, this Court stayed the case pending the disposition of *Adams v. United States,* 59 F.4th 1349 (Fed. Cir. 2023), which involved substantially similar issues. *See Braswell v. United States*, 155 Fed. Cl. 148, 151 (2021). On October 10, 2023, the Supreme Court denied certiorari in *Adams,* thereby rendering that case final and unappealable. *See Adams v. United States*, No. 22-1118, 2023 WL 6558401 (U.S. Oct. 10, 2023). Before the Court now is plaintiffs' motion to extend the stay for an additional 60 days, so that counsel may communicate with its large number of clients concerning the criteria for claims articulated in *Adams. See* Pl.'s Mot. to Extend Stay, ECF No. 67, at 1.

In ruling on a motion to stay, a court must "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The Court must consider judicial efficiency and economy, determining whether a stay will resolve relevant issues and simplify the case. *See Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1196 (11th Cir. 2009). And the Court must consider both prejudice to the moving party if required to proceed without a stay, *Landis*, 299 U.S. at 254, and to the non-moving party if the case is

stayed, *Cherokee Nation of Okla. v. United States*, 124 F.3d 1414, 1418 (Fed. Cir. 1997).

Defendant argues that the *Adams* decision effectively forecloses this case and warrants an immediate dismissal. Def.'s Opp'n, ECF No. 68, at 3-4. The government maintains that counsel for the plaintiffs have had enough time to communicate with the opt-in plaintiffs, and to determine whether additional briefing is necessary in light of *Adams*. *Id.* at 1-2. Further, the government posits that it was "incumbent upon plaintiffs" to include facts in the complaint showing that plaintiffs had occupations that involved "directly or indirectly working" with the virus itself, to the extent such facts exist. *Id.* at 2.

Plaintiffs argue that unlike in *Adams*, where the class consisted entirely of Bureau of Prisons employees, plaintiffs in this case "work in agencies and occupations across the federal government including, among others, at the Department of Veterans Affairs, Department of Health and Human Services, and the Food and Drug Administration." Pl.'s Mot. to Extend Stay, ECF No. 67, at 1. As such, it is possible that some of the approximately 60,000 putative plaintiffs meet the *Adams* criteria, and thus could potentially qualify for hazardous duty or environmental differential pay. *Id.* Further, plaintiffs argue that it would have been premature to have included in their complaint specific facts showing that plaintiffs had assignments directly or indirectly involving the COVID-19 virus itself, before knowing the outcome of *Adams*. *See* Pl.'s Reply, ECF No. 69, at 4.

Extending the stay for an additional 60 days – a large chunk of which has already passed during briefing on the motion – would not be unreasonable given that this case has already been stayed for 27 months. *See Braswell*, 155 Fed. Cl. at 151. It is conceivable that at least one of the nearly 60,000 putative class members could fit the *Adams* criteria. Additionally, notwithstanding the government's argument, it would have been premature for plaintiffs to amend their complaint to include such factual bases before even knowing the disposition of *Adams* and whether it would be subject to alteration by Supreme Court review. A short extension of the stay may result in plaintiffs determining that the matter should be dismissed, or that amendments to the complaint are warranted, promoting judicial economy.

The government also argues that it would be prejudiced by an extension of the stay, because: (1) it is "under an affirmative obligation to continue litigation holds and to pause record retention/ destruction processes while this case languishes"; and (2) it may suffer from "its continued potential liability under the Fair Labor Standards Act (FLSA), which has a two-year statute of limitations, and which claims should be rightfully dismissed." Def.'s Opp'n, ECF No. 68, at 3. These reasons are unpersuasive. The government would not be prejudiced by being prevented from destroying records that could potentially serve as important discovery materials should the case proceed with viable claims. This is a normal

consequence of litigation, and was apparently not a concern when the government itself moved for the initial stay in this case.  *See* Def.'s Mot. to Stay, ECF No. 22.

Moreover, the government would not be prejudiced in facing "continued potential liability" under FLSA for an additional sixty days.  Def.'s Opp'n, ECF No. 68, at 3.  As plaintiffs correctly point out, a violation of FLSA only occurs if the government is found liable for the hazardous duty and environmental differential pay.  *See* Pl.'s Reply, ECF No. 69, at n. 2.  And, because of the two-year statute of limitations (or three years if the violation is willful), it would instead be *plaintiffs* who would suffer even if their claims were dismissed without prejudice at this stage.  *See Braswell,* 155 Fed. Cl. at 150-51; 29 U.S.C. §§ 255(a), 256.

For these reasons, plaintiffs' motion to extend the stay an additional 60 days is **GRANTED**.  On or before **Monday, January 8, 2024,** counsel for the parties shall file a joint status report proposing further proceedings in this case.

**IT IS SO ORDERED.**

s/ Victor J. Wolski_____
**VICTOR J. WOLSKI**
Senior Judge